IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROBERT F. HORN,

      Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

      Defendant.

Case No. 4:06-cv-0013-RRB

**ORDER AFFIRMING**
**SOCIAL SECURITY**
**ADMINISTRATION DECISION**

      Before the Court is Plaintiff, Robert F. Horn, with an appeal from a final decision of the Social Security Administration that denied his application for disability benefits. Plaintiff contends that the Administrative Law Judge (ALJ) was in error when concluding that Plaintiff was not disabled nor entitled to Social Security Benefits. Defendant opposes and contends that the decision of the ALJ was supported by substantial evidence and free of legal error and that it should therefore be upheld.

A review of the file supports Defendant's position.  The ALJ did consider all of the relevant medical and lay evidence and did have substantial evidence to support the conclusions reached. Substantial evidence is more than a mere scintilla, but less than a preponderance.  Sousa v. Callahan, 143 F.3d 1240 at 1243 (1998).

The primary dispute in this matter is legal and raises the issue of whether or not the ALJ is required to use a medical advisor in determining whether or not the Plaintiff has established disability.  In this case, although the record was replete with medical records, the ALJ did not utilize the services of a separate medical advisor in determining the issue of disability.  Plaintiff argues that this was error and that a "fair reading" of SSR 83-20 requires the use of such an expert.  However, after reading the language in question, the Court finds no such requirement. Moreover, SSR 96-6p states that a medical expert is required only if "in the opinion of the administrative law judge or the appeals council" new evidence might change the outcome of a decision regarding whether Plaintiff equals a listing. The Court has not found any Ninth Circuit authority requiring a medical adviser be available for the ALJ during the disability determination stage of the inquiry.  If any such authority exists, it would  be incumbent upon the parties to so notify the Court.

Therefore, for the reasons set forth above, the Court hereby **AFFIRMS** the decision of the Social Security Administration.

ENTERED this 16th day of January, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING SOCIAL SECURITY
   ADMINISTRATION DECISION - 3
4:06-CV-0013-RRB